The opinion of the court was delivered by
Tod J.
To the testimony offered to be given by Jacob Stoner, two objections appear to have been made in the court below. The same objections have been relied upon in the argument here. 1st, That the evidence was in itself illegal, being by parol only. 2d. That admitting the evidence to be legal, Stoner, the witness, was incompetent to give it, being interested in the case, and being himself the officer who ought to put his return upon the record.
1st, It would seem to me, that the question to be decided in this case, was precisely the question which would have been presented, had the contest been between Samsey and Brown: that is, had Samsey by action of debt or scire facias demanded the money appearing to be due on the face of his judgment, and Brown had answered, “You took your execution on this same judgment, and upon it the constable sold my goods for money enough to pay the debt and costs;” offering parol proof of these allegations. It does not occur to me, what better proof he could be expected to offer. The reason appears stronger for receiving this sort of proof from Johnson, than from Brown. By no care of his could Johnson provide clearer evidence, having no pretence of right to intermeddle in the suit, and to call for the return of an execution to which he was a stranger. The authorities cited by the counsel for the plaintiff in error, seem to me conclusive. It was neither for Brown nor for Johnson to' see that the constable did his duty by paying over the money or making a return. Seizure of goods sufficient to pay the debt and costs, though without sale, and though wasted immediately by the officer, is a satisfaction of a judgment. By the old law, an audita querela lies if a man pay a judgment, and afterwards be taken in execution, though he has no writing for the payment. 1 Com. Dig. Audita Querela, Letter A. Parol evidence was admitted to prove a levy upon a fi. fa. though no return had been made upon it. 1 Munf. 269, and see Com. Dig. Pleader, 2 W. 36. Indeed, the directing the issue by the court below, to ascertain whether the judgment was paid or not, seems to show that some parol proof might be material: for, if the record only was to be loolied to, the court would have settled the contest at once by inspection. 2d. Was Jacob Stoner, the witness offered, incompetent from interest, or otherwise? I think not. Most clearly ho was interested against the side that called him. His admission of the sale of the goods, and of raising the money, *117 is conclusive against him: adding that he paid over the debt and interest to the justice, is by no means conclusive in his favour. Stoner’s credibility was a question for the jury.
Judgment reversed, and a venire facias de novo awarded.